IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY | § | Civil Action No. _____ |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| BEE AGRICULTURAL COMPANY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF ARCHER DANIELS MIDLAND COMPANY'S ORIGINAL COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD

Plaintiff Archer Daniels Midland Company submits this Original Complaint against Bee Agricultural Company seeking an order confirming an arbitration award and entry of a final judgment, and would show the Court the following:

### I.
### THE PARTIES

1. Plaintiff Archer Daniels Midland Company ("ADM" or "Plaintiff") is a Delaware Corporation whose principal place of business is in Decatur, Illinois.

2. Defendant Bee Agricultural Company ("Bee" or "Defendant") is a Texas Corporation with its principal place of business located in Beeville, Texas. Bee may be served with process via its registered agent, Fred R. Schauer III, at 1004 South Washington, Beeville, Bee County, Texas 78104, or wherever he may be found.

## II.
## JURISDICTION

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. Plaintiff ADM is a citizen of Delaware and Illinois.

5. Defendant Bee is a citizen of Texas over which this Court has *in personam* jurisdiction.

6. Plaintiff and Defendant are citizens of different states. There is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.
## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because defendant Bee resides in this District. Furthermore, Venue is proper in this District pursuant to 9 U.S.C. § 9 as the underlying contracts between the parties provide for arbitration of any disputes before the National Grain and Feed Association ("NGFA") pursuant to its arbitration rules. Rule 1(C) of the NGFA Arbitration Rules expressly provides that:

> "Parties subject to these rules shall be deemed to have consented to confirmation and enforcement of arbitration awards in any federal or state court having jurisdiction thereof."

## IV.
## FACTS

8. ADM is one of the largest agricultural processors in the world and is a leading manufacturer of various value-added food and feed ingredients (*e.g.*, corn sweeteners, flour, etc.).

9. Defendant Bee was in the business of planting, growing, harvesting, gathering, distributing, buying and selling agricultural products such as sorghum and corn, among other things.

10. Bee entered into contract 720413 for the delivery of 700,000.00 bushels of #2 sorghum to ADM. A true and correct copy of contract 720413 is attached hereto as Exhibit 1.

11. Bee also entered into contract 720259 for the purchase of 450,327.15 bushels of corn (as-is) from ADM. A true and correct copy of contract 720259 and its supplement is attached hereto collectively as Exhibit 2.

12. ADM was at all times ready, willing and able to perform and did perform under both contracts.

13. Bee failed to perform under both contracts.

14. Both of the contracts, under paragraph 22 of the "Standard Terms and Conditions" stated;

> Seller and Buyer Agree That All Disputes And Controversies Of Any Nature Whatsoever Between Them With Respect To This Contract, Or Any Other Commodity Contract Between The Parties, Must Be Arbitrated According To The Arbitration Rules of The NGFA, And That The Decision And Award Determined There Under Will Be Final And Binding On Seller And Buyer."

15. A true and correct copy of the NGFA Arbitration Rules are attached hereto as Exhibit 3.

16. In accordance with NGFA rules, ADM submitted its Arbitration Complaint to the NGFA on December 8, 2014.

17. In accordance with NGFA rules, the NGFA served Bee with ADM's Complaint and attachments, as well as the NGFA Trade Rules and Arbitration Rules via Fedex which was received by Bee and signed for on January 2, 2015.

18. On January 21, 2015, a representative of Bee contacted the NGFA by telephone and stated that Bee did not dispute the claim.

19. Bee failed to appear and answer ADM's Complaint.

20. NGFA sent notice to Bee, via certified mail on April 28, 2015, which stated:

> NGFA Arbitration Rules 2(D) and (E) provide for the entry of a default judgment when a party fails to execute the arbitration contract and pay the service fee within fifteen (15) days. Based upon the lack of response from you thus far, we must anticipate that you do not intend to respond. ***This is our last attempt to elicit a response from you. A default judgment may be entered against you at any time, which the plaintiff may enforce in a court of law.*** [Emphasis in original].

21. The certified mail receipt confirmed the mailing was delivered to Bee on May 4, 2015.

22. Bee still failed to appear and answer ADM's Complaint.

23. The NGFA had jurisdiction over the matter pursuant to paragraph 3 of both contracts Standard Terms and Conditions and pursuant to Rule 1(A)(1) of the NGFA Arbitration Rules due to ADM's and Bee's status as NGFA active members at the relevant times.

24. The NGFA determined that entry of default judgment against Bee was proper and warranted.

25. On June 17, 2015, the NGFA entered and filed an Arbitration Award in favor of ADM against Bee in the amount of $1,318,901.54 plus post-judgment interest. A true and correct copy of the Arbitration Award is attached hereto as Exhibit 4.

26. The NGFA provided Bee with a copy of the award and notified Bee of the procedures for applying to vacate the default judgment.

27.     NGFA Arbitration Rule 2(E) states "[a]ny party against whom a default judgment has been entered may apply to vacate the default judgment within 15 days of entry of the default judgment."

28.     Bee did not apply to vacate the default judgment within 15 days of entry of the default judgment as required by NGFA Arbitration Rule 2(E) nor did it file a Notice of Appeal within 15 days pursuant to Rules 7(A) and (B).

29.     Absent any application by Bee to vacate the Arbitration Award or file a Notice of Appeal, it became final under NGFA Rule 7(A) on July 2, 2015.

30.     Pursuant to § 12 of the Federal Arbitration Act, any "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Therefore, Bee's deadline to file a motion to vacate the Arbitration Award in a court of competent jurisdiction expired no later than October 2, 2015.

31.     Bee failed to serve ADM or its attorneys with any motion to vacate, modify or correct the award by October 2, 2015 and is now forever precluded from doing so.

32.     Bee has failed to comply with the Arbitration Award. To date Bee has made no payments to ADM and the full amount of $1,318,901.54 plus post-judgment interest is still due and owing.

33.     ADM's Complaint for Confirmation of the Arbitration Award is timely because it has been filed within one year after the award was made in accordance with 9 U.S.C. § 9.

34.     As a result of Bee's non-payment, ADM was forced to retain the services of the undersigned to enforce its rights and seek recovery of the amounts rightfully due to it.

35. Paragraph 14 of the contracts Standard Terms and Conditions between ADM and Bee entitle ADM to recover its reasonable attorney's fees and costs.

36. ADM has performed all conditions precedent to recovery and entry of an Order Confirming the Arbitration Award and Final Judgment in its favor.

## V.
## PRAYER FOR RELIEF

Wherefore, Plaintiff Archer Daniels Midland Company respectfully requests this Honorable Court:

(1) Direct the Clerk to issue Summons and require Bee Agricultural Company to appear and answer herein;

(2) Enter an Order confirming the Arbitration Award as rendered by the National Grain and Feed Association.

(3) Award Archer Daniels Midland Company its attorney's fees and costs in this proceeding.

(4) Enter Judgment in favor of Archer Daniels Midland Company against Bee Agricultural Company in an amount no less than $1,318,901.54, plus pre- and post-judgment interest;

(5) Award Archer Daniels Midland Company any and all other relief the Court deems just and proper at law or in equity.

RESPECTFULLY SUBMITTED this 5th day of October, 2015:

By: /s/ T. Wade Welch
**T. Wade Welch, Esq.**
Texas Bar No. 21126720
S.D. Tex. Bar No. 9207
E-mail: wwelch@twwlaw.com
8543 Hidden Hollow Ct.
Missouri City, Texas 77459
Telephone (713) 952-4334
Facsimile (713) 952-4994
*ATTORNEY-IN-CHARGE*

**ATTORNEY FOR PLAINTIFF**